UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-0250 FMO (AFMx) | Date | January 23, 2018 |
| Title | Valerie Almeida, et al. v. Safilo USA, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendant: |
| None Present | | None Present |

**Proceedings:**      (In Chambers) Order Remanding Action

On December 11, 2017, Valerie Almeida ("Almeida"), Dianne Mascaro ("Mascaro"), Sherry Washington ("Washington"), and Tami Norris ("Norris") (collectively, "plaintiffs") filed a Complaint in the Los Angeles County Superior Court against Safilo USA, Inc. ("Safilo") and does 1-10 (collectively "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Exhibit ("Exh.") A, Class Action Complaint [] ("Complaint")). On January 10, 2018, Safilo removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a). (See Dkt. 1, NOR at ¶ 5). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0250 FMO (AFMx)** | Date | **January 23, 2018** |
|---|---|---|---|
| Title | **Valerie Almeida, et al. v. Safilo USA, Inc., et al.** | | |

expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by

---

[2] Safilo seeks to invoke only the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR at ¶ 5). Although the NOR refers to 28 U.S.C. §§ 1331, 1441, 1442, and 1453, (see id. at 1), the NOR does not provide any analysis or evidence of jurisdiction based on federal question or the presence of federal agencies or officers. (See, generally, Dkt. 1, NOR). Plaintiffs assert only state law claims, and there are no federal agencies or officers as parties. (See, generally, Dkt. 1-1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0250 FMO (AFMx)** | Date | **January 23, 2018** |
|---|---|---|---|
| Title | **Valerie Almeida, et al. v. Safilo USA, Inc., et al.** | | |

the defendant.") (footnote omitted).

Safilo bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] The amount of damages plaintiffs seek cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-1, Complaint at 27, "Prayer for Relief").

Safilo contends, however, that based on the allegations in the Complaint, "[t]he wages, expenses, and statutory penalties the four named Plaintiffs seek on their own behalf, coupled with statutory penalties they seek under Labor Code §§ 203 and 226(a) for just 18 members of the purported class, place in controversy well over the $75,000 threshold for removal." (Dkt. 1, NOR at ¶ 15; see id. at ¶ 15 n. 1 ("Given the expansive list of expenses for which Plaintiffs seek reimbursement for over a four-year period, it is likely that Plaintiffs are placing in controversy well over $75,000 based strictly on their own claims, without regard to the purported class.") (internal citation omitted)). In a non-CAFA class action,[4] diversity jurisdiction is established where at least one class member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris, 394 U.S. 332, 340, 89 S.Ct. 1053, 1059 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007), and at least one of the named plaintiffs satisfies the $75,000 amount in controversy requirement. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549, 125 S.Ct. 2611, 2615 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount[.]"); In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001), cert. dismissed, 537 U.S. 1

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

[4] Safilo does not attempt to remove based on CAFA, 28 U.S.C. § 1332(d). (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0250 FMO (AFMx)** | Date | **January 23, 2018** |
|---|---|---|---|
| Title | **Valerie Almeida, et al. v. Safilo USA, Inc., et al.** | | |

(2002) ("While it may seem paradoxical to decline jurisdiction in the multiplaintiff setting, where the potential loss to defendants typically is well beyond the jurisdictional amount threshold, it is implicit in the rule that forbids aggregation of class members' separate claims that it will sometimes be more difficult for a party asserting federal jurisdiction to establish the minimum amount of controversy in a multiplaintiff case than in a much smaller single-plaintiff case.") (internal quotation marks and alterations omitted).

Safilo states that "potential statutory penalties for 30 days of waiting time places in issue approximately $37,730" for the three named Plaintiffs who assert this claim. (See Dkt. 1, NOR at ¶ 16). Safilo provides individualized calculations for Almeida ($10,615.38), Mascaro ($14,538.46), and Washington ($12,576.92). (See Dkt. 1, NOR at Exh. B, Declaration of Elisabeth Morikawa ("Morikawa Decl.") at ¶ 4). Safilo further alleges that "each [plaintiff] could claim the $4,000 maximum penalty [under Labor Code Section 226(a)], totaling $16,000 in statutory penalties for all four plaintiffs."[5] (See Dkt. 1, NOR at ¶ 17). Thus, having provided evidence of only $14,615.38 in controversy for Almeida, $18,538.46 for Mascaro, $16,576.92 for Washington and $4,000 for Norris, Safilo has failed to meet its burden of establishing that at least one of the named plaintiffs satisfies the $75,000 amount in controversy requirement. See Exxon Mobil Corp., 545 U.S. at 554, 125 S.Ct. at 2618 ("[E]very plaintiff must separately satisfy the amount-in-controversy requirement."); Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes and citations omitted); Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].") (internal quotations omitted) (emphasis in the original). Finally, Safilo references other forms of relief requested by plaintiffs, (see Dkt. 1, NOR at ¶ 14), but fails to provide any evidence of the amount in controversy with respect to the other forms of relief. (See, generally, id.).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Safilo has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more

---

[5] Safilo also attempts to use the "18 active sales representatives [who] had more than two years of longevity" of the purported 32 class members to "add[ ] another $72,000 to the amount in controversy." (See Dkt. 1, NOR at ¶¶ 18-19). As discussed above, this is not appropriate because diversity jurisdiction, in the non-CAFA class context, considers whether at least one of the named plaintiffs meets the $75,000 amount in controversy requirement. See In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d at 958.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-0250 FMO (AFMx)** | Date | **January 23, 2018** |
|---|---|---|---|
| Title | **Valerie Almeida, et al. v. Safilo USA, Inc., et al.** | | |

than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted); Valdez, 372 F.3d at 1118 (same).  Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer            vdr